UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ANDRE OWENS, | ) |
| Plaintiff, | ) |
| v. | ) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8 | ) No. 4:19 CV 1717 RWS |
| Defendant. | ) |

## MEMORANDUM & ORDER

This case is before me on Plaintiff's Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e). ECF No. [86]. For the reasons set forth below, I will deny the Plaintiff's motion.

## BACKGROUND

On May 17, 2019, Plaintiff filed suit for wrongful foreclosure, declaratory judgment, fraudulent misrepresentation, a motion to set aside the sale as void, and negligence per se in the Circuit Court of St. Louis County. The Bank removed the case to federal court on June 19, 2019. Plaintiff's claim involves the property located at 4478 Papal Drive, Florissant Missouri (the Property). In his complaint, Plaintiff alleges that Defendant wrongfully foreclosed on the Property, made

fraudulent misrepresentations about its interest in the property, and violated RESPA. Specifically, Plaintiff argues that the Ameriquest Deed of Trust, which the foreclosure was premised on, was not properly signed and was therefore void. Plaintiff's first four claims all turned on which party has superior title to the Property. His last claim was based on the Real Estate Settlement Procedures Act (RESPA).

On March 11, 2021, I granted summary judgment in favor of the Defendant. Plaintiff now seeks to alter or amend the judgment citing six specific issues in my Order granting summary judgment in favor of the Defendants. Specifically, he contends that the court (1) incorrectly determined that Plaintiff did not oppose the Defendants motion as to the RESPA claim, (2) incorrectly concluded that the Plaintiff failed to establish that there was no right to foreclosure, (3) incorrectly determined that the Plaintiff signed the Assent to Execution of Deeds and Waiver of Marital Rights, (4) relied solely on a case from Illinois to determine whether the deed of trust was executed in fraud of his marital rights, (5) incorrectly decided the fraudulent misrepresentation claim, and (6) incorrectly determined that Defendant was not the servicer of the loan and therefore not covered by RESPA.

## LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a court may alter or amend a judgment. The Rule serves the "limited function of correcting manifest errors of law or fact or to

present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations and citations omitted).  "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

## DISCUSSION

Plaintiff's motion does not present any newly discovered evidence or show that I committed a manifest error of law or fact. Instead, the motion attempts to relitigate numerous arguments that have been previously addressed by this Court or offers arguments which Plaintiff could have made in his summary judgment briefing. See In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig., 174 F.R.D. 444, 446 (E.D. Mo. 1997) ("It is not appropriate to use a Rule 59(e) motion to repeat arguments or raise new arguments that could have been made before judgment").  Therefore, I will deny his motion.

Plaintiff first argues that I incorrectly determined that Plaintiff did not oppose the Defendants motion as to the RESPA claim.  Plaintiff discusses disagreements between himself and his appointed counsel regarding the effects of my dismissal of his motion for summary judgment, ECF No. [41]. However, that order stated  "Because discovery remains open for several more weeks, the best

course is to deny the motion for summary judgment without prejudice at this time. Plaintiff may refile the motion after Deutsche Bank is able to complete the necessary depositions." ECF No. [41]. So Plaintiff's failure to refile his motion for summary judgment or address the arguments presented in the Defendant's motion for summary judgment in his response in opposition to the motion, resulted in waiver of those arguments. With respect to the RESPA claim, Plaintiff also argues that I incorrectly determined that Defendant was not the servicer of the loan and therefore not covered by RESPA. He argues that at all times Defendant was acting as an extension of OCWEN, but plaintiff provides no additional facts showing that Deutsche Bank and OCWEN have an agency relationship. Additionally, he does not address the fact that he is not a borrower and thus would not have standing to sue under RESPA.

Plaintiff next argues that I incorrectly concluded that Defendant had a right to foreclose. Specifically, he cites the fact that he was not the mortgagor on the original loan and that the loan was forgiven in Ava Ford Owen's bankruptcy proceeding.  Both of these arguments are unavailing. Although Plaintiff was not the mortgagor on the original loan, the loan established a lien on the property. Since he took the property subject to that lien, it was proper for the bank to foreclose on the property even though he was not the mortgagor. Secondly,

although the loan was forgiven in the bankruptcy, the lien on the property remained.

Plaintiff also argues that I incorrectly found that he signed an Assent to Execution of Deeds and Waiver of Marital Rights on February 21, 2003. He argues that he contested the signing of the document thus creating an issue of material fact. However, Plaintiff admitted to signing the document in his response to Defendant's Statement of Material Facts. See Pl.'s Res. to Def.'s Mot. for Summ. J., ECF No [74] ¶ 5. Plaintiff did argue that he did not sign the Ameriquest Deed of Trust, but he didn't contest his signature on the Assent and Waiver. See Pl.'s Res. to Def.'s Mot. for Summ. J., ECF No [74] ¶ 19 & 67.

Plaintiff next challenges my reliance on Rose v. St. Louis Union Tr. Co., 99 Ill. App. 2d 81, 241 N.E.2d 16, 19 (Ill. App. Ct. 1968), aff'd, 43 Ill. 2d 312, 253 N.E.2d 417 (1969). In particular Plaintiff is concerned because this is the only case cited and it is not binding in Missouri. While Plaintiff is correct that an Illinois case is not binding, the case is persuasive because it interprets Missouri law. Additionally, I cited another case, McDonald v. McDonald, 814 S.W.2d 939, 948 (Mo. Ct. App. 1991). McDonald is a Missouri case and it supports the proposition that a deed of trust conveyed in fraud of marital rights is only voidable to the extent of the surviving spouse's rights. Specifically, it states that "[a] cause of action to attack a conveyance as being in fraud of marital rights is vested in and

must be asserted by a surviving spouse." Id. at 946. It goes on to say that "[m]erely because the trust is void as to the widow's rights does not necessarily make it void as to the rights of other beneficiaries." Therefore, Plaintiff's concerns are misplaced.

Finally, Plaintiff argues that I incorrectly decided the fraudulent misrepresentation claim.  This argument merely attempts to relitigate the issue. Plaintiff claims that at no point did Defendant offer up a valid and lawful assignment prior to its initiation of foreclosure. But the Assignment of the Deed of Trust by which Ameriquest assigned the note and Deed of Trust to the Defendant on January 20, 2009 was attached to the Defendants Statement of Material Facts. Def. Statement of Material Facts, ECF No [73-21].  Additionally, it was recorded with the recorder of deeds on February 27, 2009.  Def. Statement of Material Facts, ECF No [73-21]. Plaintiff also state that Defendant misrepresented that is paid good and valuable consideration, but he didn't make this claim in his response to the Defendant's motion for summary judgment.

Since Plaintiff fails to establish a "manifest errors of law or fact or to present newly discovered evidence," I will deny his motion under Fed. R. Civ. P. 59(e).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, ECF NO [86], is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May 2021.